STATE OF CONNECTICUT *v.* STANFORD L. FRYE
(14494)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued September 25—decision released December 22, 1992

*Neal Cone,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Stephen J. Sedensky III,* assistant state's attorney, for the appellee (state).

BERDON, J. The defendant, Stanford L. Frye, was charged with the crime of possession of cocaine with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).[1] After a jury verdict of guilty, the defendant was sentenced to a prison term of fifteen years. The defendant appealed from the judgment of conviction to the Appellate Court, which affirmed the judgment of the trial court. *State* v. *Frye,* 26 Conn. App. 472, 602 A.2d 601 (1992). We granted certification to review the judgment of the Appellate Court on the following issue: "Did the Appellate Court properly conclude that the defendant's request for hybrid representation did not require a proper canvass regarding waiver of his right to counsel?"[2] *State* v. *Frye,* 221 Conn. 917, 603 A.2d 749

---

[1] General Statutes § 21a-278 (b) provides in pertinent part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marihuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years."

[2] We also certified a second issue: "Did the Appellate Court properly conclude that the defendant's exception to the trial court's jury instructions, regarding the absence of a limiting instruction on the defendant's criminal record, was inadequate to preserve that issue for appeal?" *State* v. *Frye,* 221 Conn. 917, 603 A.2d 749 (1992). Because we reverse and remand to the trial court for a new trial on the basis of the first issue, we need not reach the second issue.

(1992). We conclude that a partial waiver of the right to counsel by a defendant requires the same procedural safeguards demanded when the right to counsel is waived completely. We, therefore, reverse the judgment of the Appellate Court.

Jury selection for the defendant's trial began on January 30, 1990. On February 1, 1990, the defendant's appointed counsel presented to the court a notice he had received from the defendant indicating that the defendant "feels unsatisfied with my level of preparation and knowledge about the case and the investigation that was done, and he indicates that he would like me to be replaced as his attorney. He also indicates he would like the right to personally cross-examine all witnesses himself." When the trial court expressed confusion as to whether the defendant wanted to act as his own counsel, the defendant replied: "My position concerning my trial at this point as it was in the beginning [is] that I would like to represent myself concerning this matter and exercise myself to examine witnesses; cross-examine witnesses. I would, however, like counsel to advise and consult, because I do plan on taking the stand and I would need counsel to question me if I do take the stand." The court then informed the defendant that he had a constitutional right to counsel, but that he also had the right "knowingly and intelligently" to waive his right to counsel. The court indicated that if the defendant wanted court-appointed counsel, his present counsel would continue to act as such counsel. In addition, the court stated that the defendant could represent himself with advice from counsel, but specified that the defendant could not "partially [represent himself] and then expect counsel to continue on." Finally, the court suggested that the defendant confer with counsel to determine whether he wanted to waive his right to counsel.

After a short recess, defense counsel represented that he and the defendant had decided that the defendant would cross-examine the police officers and that they would later determine who would cross-examine other witnesses and who would present final argument. The court cautioned the defendant that he would not be given any leeway during cross-examination, but would be expected to conform to the rules of evidence. The court then ruled that the defendant would be allowed to act as his own counsel, with court-appointed counsel available to advise him throughout the trial.

Both the Connecticut and the United States constitutions guarantee a criminal defendant the right to assistance of counsel. *State* v. *Gethers,* 193 Conn. 526, 533, 480 A.2d 435 (1984) (*Gethers I*); *State* v. *Gethers,* 197 Conn. 369, 376, 497 A.2d 408 (1985) (*Gethers II*); *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). A criminal defendant also has the right to appear pro se in a criminal trial, following an intelligent and voluntary waiver of the right to counsel. *Gethers II,* supra; see *Faretta* v. *California,* 422 U.S. 806, 807, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forego those relinquished benefits." *Faretta* v. *California,* supra, 835.

"Hybrid representation," sometimes described as "cocounsel" status, occurs when both the defendant and defense counsel conduct portions of the defendant's trial. *Gethers II,* supra, 383. This court has held that although a defendant does not have a right to hybrid representation under either the Connecticut or the United States constitution; id., 382–84; a trial court may exercise its discretion to allow such representation. See id., 382–94. Moreover, Practice Book § 964

specifies that a defendant who represents himself may request the assistance of standby counsel, but "[s]uch counsel shall not interfere with the defendant's presentation of the case and may give advice only upon request." As a result, a variety of representational arrangements between a defendant and standby counsel can arise. The principal issue on appeal, then, is where to draw the line within the spectrum of professional representation and self-representation that will trigger the need for a full canvass of the defendant to obtain an effective waiver of the right to counsel.

The defendant maintains that a waiver canvass was required in this case because he could not fully appreciate or anticipate the risks that are inherent in a hybrid representation. The state counters, as the Appellate Court held, that the trial court did not have to undertake a waiver canvass because, according to the state's brief, "[t]he defendant never waived his right to counsel but readily accepted his participation." We are not persuaded. Although the defendant did accept appointed counsel's assistance, the defendant, himself, directed and presented key portions of his defense. For instance, the defendant both cross-examined the police officers who testified for the state and presented final argument to the jury. By conducting these activities himself, the defendant necessarily waived his right to have them performed by counsel.

Appellate courts have used two prevalent modes of analysis, the "dominant role" mode and the "core functions" mode, to determine when a trial court must conduct a waiver canvass following a request for hybrid representation. The defendant argues that under either mode of analysis the trial court was required to obtain a valid waiver in this case. Under "dominant role" analysis, a waiver canvass is required when a defendant assumes responsibility for the case. By taking charge, "the defendant has forfeited the right to have an attor-

ney make the critical strategic and tactical decisions pertaining to the defense, and has thus waived the right to counsel. In such a situation, the record must show that a defendant understood the disadvantages of self-representation, including the risks and complexities of the particular case." (Internal quotation marks omitted.) *People* v. *Jones,* 53 Cal. 3d 1115, 1142, 811 P.2d 757, 282 Cal. Rptr. 465 (1991), cert. denied,     U.S.     , 112 S. Ct. 1491, 117 L. Ed. 2d 631 (1992). If counsel retains control over the case, a defendant has not waived the right to counsel, and the trial court need not canvass a defendant to obtain a knowing and intelligent waiver of the right to counsel. Id. Under the "core functions" mode of analysis, a valid waiver of the right to counsel must be obtained when a defendant performs core functions that he has a constitutional right to have his attorney perform. *United States* v. *Kimmel,* 672 F.2d 720, 721 (9th Cir. 1982).

We decline to adopt either the "dominant role" or the "core functions" model for determining when a waiver canvass is required in cases of hybrid representation. Both of these tests are difficult to apply because they focus on the functions actually assumed by a defendant during trial. When conducting the waiver canvass, the trial court may not be able to predict what role a defendant will play in the defense. See *Parren* v. *State,* 309 Md. 260, 269, 523 A.2d 597 (1987) (only after trial can the trial court ascertain whether a defendant enjoyed representation by counsel, self-representation or hybrid representation). The trial court, therefore, cannot effectively apply either test to determine whether an intelligent and voluntary waiver of the right to counsel is required until after the fact.

In *Maynard* v. *Meachum,* 545 F.2d 273, 277 (1st Cir. 1976), the court noted: "We can conceive of no reason why the standard for waiving part of a constitutional

right should be different from the standard for waiver of the entire right." We agree and hold that when a defendant requests a partial waiver of the right to counsel, the court must employ the same procedural safeguards that are required to ensure a knowing and intelligent waiver of the entire right to counsel. A waiver canvass is required in such situations because "whatever label is attached to [the representation arrangement], the net result [is that a defendant] had less than the full representation by counsel to which, absent a valid waiver, he was entitled under the [constitution]." Id. Such a bright line rule should eliminate guesswork and confusion on the part of the trial courts and elicit a standard response whenever a defendant indicates that he or she wishes to conduct some aspect of the defense pro se.

Requiring a waiver canvass ensures that a defendant is "aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." (Internal quotation marks omitted.) *Faretta* v. *California,* supra, 835. The pitfalls of self-representation await defendants who choose to play a role in their defense, whether they represent themselves without any assistance from counsel, participate extensively in presenting their defense, or play a limited role in their defense. See *United States* v. *Kimmel,* supra, 721 (the accused will often undermine his own defense by assuming functions traditionally performed by a lawyer).

Having determined that the trial court was required to conduct a waiver canvass, we must inquire whether the trial court in the present case directed an adequate inquiry to determine whether the defendant made a knowing and intelligent waiver of his right to counsel. The trial court must "take special care to advise the defendant as to the pitfalls of self-representation." 2

W. LaFave & J. Israel, Criminal Procedure (1984) § 11.5 (c), p. 45. Waiver of the right to counsel will not be presumed or inferred from a silent record. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). Whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances surrounding each case. Id. The state bears the burden of proving that the right to counsel was knowingly and intelligently waived. *Sawicki* v. *Johnson,* 475 F.2d 183, 185 (6th Cir. 1973).

Practice Book § 961 affirms the accused's right to waive assistance of counsel and establishes minimum criteria for determining whether a waiver is knowing and intelligent. Section 961 provides: "A defendant shall be permitted to waive his right to counsel and shall be permitted to represent himself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant: (1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled; (2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent himself; (3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and (4) Has been made aware of the dangers and disadvantages of self-representation."

In the present case, the court merely informed the defendant of his right to counsel, ascertained that he had the intelligence to comprehend the magnitude of his choice to represent himself, and gave him a cursory warning about the difficulties of self-representation. At issue are the remaining criteria in § 961, which go to the heart of the requirement that a waiver be know-

ing and intelligent. Although a defendant "need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation," a defendant must be aware of the nature and complexity of the charges he faces so that he can make an intelligent choice between professional representation and self-representation. *Gethers II,* supra, 376. We conclude that the inquiry in the present case was insufficient to obtain an intelligent waiver of the right to counsel because the defendant was not apprised of the complexity involved in defending himself against the crime charged.

The defendant was charged with possession of cocaine by a person who is not drug-dependent pursuant to General Statutes § 21a-278 (b). As the defendant noted in his brief, determining whether to present evidence of drug dependency is a complex issue.[3] Certainly, the trial court was not obligated to point out in painful detail the legal arguments subsumed within this strategic decision. Nevertheless, the trial court must fulfill its duty to explain the problems of self-representation to a person not trained in the law. This standard was not met in this case.

Although a trial court may generally presume that defense counsel has explained to a defendant the nature of the offense; *Gethers I,* supra, 537; the record in this case indicates that the defendant felt "unsatisfied with [his attorney's] level of preparation and knowledge

---

[3] The defendant discussed in his brief the following difficulties in choosing whether to present evidence of drug dependency: (1) A jury exposed to evidence of drug dependency is not likely to entertain a reasonable doubt as to simple possession; and (2) evidence of drug dependency may bolster a claim that the defendant had a motive to sell drugs, thus helping to secure conviction under General Statutes § 21a-277; however, (3) failure to put on any evidence of drug dependency is to risk conviction for General Statutes § 21a-278 (b)—possession by a person who is not drug-dependent.

about the case." Moreover, the defendant informed the court that "I haven't talked to [the appointed attorney] no more than 20 minutes at the most." These factors required the court to delve more deeply into the question of whether the defendant had sufficient understanding of the nature and complexity of the charges against him to have the capacity to make an intelligent waiver of his right to counsel. Here, the trial court failed to warn the defendant of the difficult task before him. We conclude that the defendant was not made aware of the dangers of self-representation in this particular case and was, therefore, unable to make a knowing and intelligent partial waiver of the right to counsel.

"The right to counsel is so basic that its violation mandates reversal even if no particular prejudice is shown and even if there is overwhelming evidence of guilt." *State* v. *Varricchio,* 10 Conn. App. 265, 270, 522 A.2d 843 (1987); see also *United States* v. *Decoster,* 624 F.2d 196, 201 (D.C. Cir. 1979). Accordingly, the trial court's failure to conduct an adequate canvass to ensure that the defendant's partial waiver of the right to counsel was made knowingly and intelligently requires that the defendant be granted a new trial.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the case to the trial court for a new trial.

In this opinion the other justices concurred.