642 So.2d 111 (1994)
Richard Lee PAYNE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2388.
District Court of Appeal of Florida, First District.
September 8, 1994.
*112 Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Appellant alleges that the trial court failed to adequately warn him of the dangers of self-representation where appellant was allowed to conduct his own defense with the assistance of standby counsel. We agree, and reverse for a new trial.
At trial, appellant moved to discharge his appointed counsel and conduct his defense pro se. The trial judge questioned appellant about his legal experience and education, and then stated that he was denying appellant's request to discharge counsel; however, the court appointed appellant to be co-counsel. Appellant replied, "All right sir." The trial court instructed the attorney to do whatever appellant wished him to do. Appellant conducted the entire trial, and appellant's attorney noted at the sentencing hearing that appellant never requested assistance from him.
Appellant contends that a defendant who is allowed to represent himself with the assistance of standby counsel, must be adequately warned of the dangers of self-representation. A person who is accused of a crime has a constitutional right to self-representation. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). One who elects self-representation gives up many of the traditional benefits associated with the right to counsel; the record must, therefore, establish that the accused knows what he or she is doing and that the choice is made with eyes open. Id. A defendant who conducts some portion of his own defense also waives significant constitutional protections.
In Taylor v. State, 610 So.2d 576 (Fla. 1st DCA 1992), this court addressed a situation where the trial court directed the public defender to sit at the counsel table with appellant and to provide any assistance that appellant wanted.[1] In Taylor, the appellant conducted his own defense at trial. The trial court had not warned Taylor about the dangers and disadvantages of self-representation, about the seriousness of the charges against him, or about the potential sentence he might receive if convicted. Because the record did not indicate that Taylor comprehended the significance of his decision, this court reversed the conviction and remanded for a new trial.
This court's decision in Taylor v. State, supra, is in accord with the decisions of a number of other courts which have addressed this issue. In Michigan v. Dennany, 519 N.W.2d 128, 445 Mich. 412 (1994), the court was faced with a similar factual situation and concluded that when a defendant participates in his defense, he has less than the full representation he is entitled to under the Sixth Amendment and must be adequately informed of the dangers outlined in Faretta. The presence of standby counsel does not relieve the trial court of its duty to instruct the defendant of the dangers of self-representation. Michigan v. Dennany, supra. See also Connecticut v. Frye, 224 Conn. 253, 617 A.2d 1382 (1992). In Frye, the defendant proceeded to trial as standby counsel, and the court concluded that a trial court must employ the same procedural safeguards when a defendant proceeds with standby counsel as when he does not. Id. In Louisiana v. Penson, 630 So.2d 274 (La. Ct. App. 1st Cir.1993), the court noted that if a trial court elects to face the risks associated with hybrid representation and allows the defendant to act as co-counsel, the court must determine that the defendant knowingly waives the right to counsel for the times the defendant represents himself.
Some courts have concluded that when a defendant proceeds in a hybrid fashion the trial court need not conduct the same inquiry *113 as is required when the defendant proceeds pro se without the assistance of counsel. See e.g. West Virginia v. Layton, 189 W. Va. 470, 432 S.E.2d 740 (1993) and cases cited therein. Some courts have advocated that an appellate court may retroactively determine to what extent a defendant participated in his own defense, Parren v. State, 309 Md. 260, 523 A.2d 597 (1987). We believe, however, the better standard is to require that the trial court give the same warnings to a defendant who has standby counsel as to one who does not. The reason for this conclusion is that at the time the trial court is faced with the request from the defendant to represent himself, the court cannot predict how much of his own defense a defendant will conduct; therefore, the court cannot predict how much of his right to counsel a defendant will waive. The only way for a trial court to ensure that a defendant is adequately informed of the risks he undertakes in representing himself when the defendant proceeds to trial with co-counsel or standby counsel is to inform the defendant at the beginning of the trial of the dangers of self-representation. See Frye, 617 A.2d at 1386.
Upon review, appellate courts must determine whether the record indicates that the appellant comprehended the significance of his decision. While neither Taylor nor Faretta require any particular words, both cases indicate that the record must establish that the defendant is making an informed decision. In Taylor v. State, we held that a defendant who participates in his own defense must be aware of the overwhelming disadvantages of self-representation, the seriousness of the charges against him and the potential sentence he might face if found guilty.
In the case at bar, we cannot ascertain from the record that appellant made a knowing and intelligent election to represent himself. Although appellant had apparently represented himself in prison proceedings, he had never done so in a trial. The record does not indicate that appellant knew the sentence he was facing or the disadvantages of self-representation. We therefore reverse appellant's conviction and remand to the trial court for a new trial.
ERVIN, J., concurs.
KAHN, J., concurs with written opinion.
KAHN, Judge, concurring.
Another trial judge finds himself caught between a rock and a hard place, both provided by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Under Faretta, an accused has a Sixth Amendment right to self-representation. However, the trial judge will violate the defendant's rights if the judge does not try to talk the defendant out of self-representation. Taylor v. State, 610 So.2d 576 (Fla. 1st DCA 1992), and cases cited therein. In the present case, the trial judge tried to walk a thin line by denying Payne's request for self-representation, but appointing Payne to act as his own co-counsel while requiring his attorney to remain as standby counsel. The trial judge did nothing at all to pressure or mislead Mr. Payne. I nonetheless concur in reversing because I believe it is mandated by the cases that have gone before. To avoid reversal in self-representation cases, trial judges will have to mechanistically apply Faretta's requirement that the defendant be made fully aware of the dangers and disadvantages of self-representation, 422 U.S. at 834, 95 S.Ct. at 2541, irrespective of a given defendant's education, experience or general competence.
NOTES
[1] We note that neither party cited to this case which is directly on point to this issue, or to any of the out-of-state cases which deal with this issue.