## STATE OF CONNECTICUT *v.* LARRY MILLER
### (AC 18479)

Lavery, Spear and Freedman, Js.

Argued June 2—officially released October 5, 1999

*Frank P. Cannatelli*, for the appellant (defendant).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, was *Scott Murphy*, state's attorney, for the appellee (state).

### Opinion

SPEAR, J. The defendant, Larry Miller,[1] appeals from the judgment of conviction, rendered after a trial to the court, of assault in the third degree in violation of General Statutes § 53a-61 and breach of the peace in violation of General Statutes § 53a-181. The defendant claims that the trial court insufficiently canvassed him prior to accepting his waiver of the right to trial counsel. We agree and reverse the judgment of conviction and remand the case for a new trial.[2]

The trial court reasonably could have found the following facts. On December 27, 1997, at about 7:45 a.m., the victim was driving her car southbound on the Silas Deane Highway in Rocky Hill. As she slowed to allow a car in front of her to make a right turn into a parking lot, the defendant, who was behind her, slammed on his brakes to avoid hitting her car. The victim then proceeded until she pulled into a coffee shop parking lot on her left.

---

[1] The defendant appeared pro se in the trial court but was represented by counsel in this appeal.

[2] The defendant also claims that the trial court abused its discretion when it suspended his driver's license, imposed random drug screening at sentencing as a further condition of probation, and failed to waive his fees, costs and security in taking this appeal. Because we resolve the first issue in the defendant's favor, we need not address his other claims.

The defendant followed the victim into the parking lot, got out of his car and charged toward her. The defendant shouted expletives at the victim and shoved her on her shoulders. An off-duty Hartford police officer who saw the encounter came out of the coffee shop and restrained the defendant until on-duty police officers arrived.

During his arraignment, the defendant indicated that he wanted to represent himself at trial. The trial court's canvass of the defendant was as follows:

"[The Court]: Are you going to get a lawyer?

"[The Defendant]: I feel I don't need one. I feel I am totally innocent of these charges. This is—

"[The Court]: You have a constitutional right to get a lawyer or not get a lawyer. Do you want to proceed without an attorney?

"[The Defendant]: I feel I don't need one."

After trial, the court found the defendant guilty of both charges. This appeal followed. The defendant claims that the trial court's canvass regarding his waiver of the right to counsel was insufficient to show a knowing, voluntary and intelligent waiver of his constitutional right to counsel and also failed to comply with Practice Book § 44-3. We agree with the defendant's constitutional claim.

The state asserts that the defendant's claims are not reviewable because they were not properly preserved at trial and the defendant is not entitled to review pursuant to the plain error doctrine or *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). We conclude that the requirements of *Golding* are met here because the record is adequate to review what is clearly a claim of

constitutional dimension.[3] The third prong of *Golding* is addressed in our discussion of the merits of the claim, and no harmless error analysis is required.

"A criminal defendant's right to counsel is a fundamental right guaranteed by both our federal and state constitutions. See *Gideon* v. *Wainwright*, 372 U.S. 335, 339–40, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *State* v. *Gethers*, 193 Conn. 526, 533, 480 A.2d 435 (1984)." *State* v. *Oliphant*, 47 Conn. App. 271, 276, 702 A.2d 1206 (1997), cert. denied, 244 Conn. 904, 714 A.2d 3 (1998). "In addition, a criminal defendant enjoys the constitutional right to self-representation at trial, provided he knowingly and intelligently waives the right to counsel." Id., citing *Faretta* v. *California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); see also *State* v. *Webb*, 238 Conn. 389, 426, 680 A.2d 147 (1996) (en banc); *State* v. *Day*, 233 Conn. 813, 820, 661 A.2d 539 (1995). "Whether there has been an intelligent waiver of the right to counsel depends upon the particular facts and circumstances surrounding each case. . . . The state bears the burden of proving that the right to counsel was knowingly and intelligently waived." *State* v. *Frye*, 224 Conn. 253, 260, 617 A.2d 1382 (1992).

---

[3] In *State* v. *Golding*, supra, 213 Conn. 239–40, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Under the circumstances of this case, we elect to review the defendant's constitutional claim even though he has not furnished us with a *Golding* analysis. In *State* v. *Waz*, 240 Conn. 365, 371 n.11, 692 A.2d 1217 (1997), our Supreme Court reviewed an unpreserved claim that a canine sniff of the defendant's parcel constituted a search under the Connecticut constitution, even though the defendant did not request *Golding* review.

In this case, the trial court made no inquiry whatsoever to ascertain whether the defendant was knowingly and intelligently waiving his right to counsel. "Waiver of the right to counsel will not be presumed or inferred from a silent record. *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)." *State* v. *Frye*, supra, 224 Conn. 260; see *Carnley* v. *Cochran*, 369 U.S. 506, 516, 82 S. Ct. 884, 8 L. Ed. 2d 70 (1962).

We conclude that the trial court's canvass of the defendant was insufficient and failed to satisfy the constitutional requirements for a knowing and intelligent waiver of the right to counsel. We do not need to engage in a harmless error analysis because "[t]he right to counsel is so basic that its violation mandates reversal even if no particular prejudice is shown and even if there is overwhelming evidence of guilt. *State* v. *Varricchio*, 10 Conn. App. 265, 270, 522 A.2d 843 (1987); see also *United States* v. *Decoster*, 624 F.2d 196, 201 (D.C. Cir. 1979)." (Internal quotation marks omitted.) *State* v. *Frye*, supra, 224 Conn. 262. Accordingly, the trial court's failure to conduct an adequate canvass to ensure that the defendant's waiver of the right to counsel was made knowingly and intelligently requires that the defendant be granted a new trial.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.