# STATE OF CONNECTICUT *v.* FRED MYER
## (AC 19069)

Lavery, C. J., and Schaller and Daly, Js.

Argued April 27—officially released August 8, 2000

*Fred Myer*, pro se, the appellant (defendant).

*John A. East III*, assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Judith Rothschild-Rippe*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Fred Myer, appeals from the judgment of conviction, rendered after a jury trial, of failing to abate a septic system overflow in violation of General Statutes § 19a-36 and the Public Health Code, Regs., Conn. State Agencies, § 19-13-B103c (f). The defendant claims, inter alia, that the trial court failed to conduct a proper waiver canvass as required by Practice Book § 44-3[1] prior to allowing him to pro-

---

[1] Practice Book § 44-3 provides: "A defendant shall be permitted to waive the right to counsel and shall be permitted to represent himself or herself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of the right to the assistance of counsel, including the right to the assignment of counsel when so entitled;

ceed pro se. The state concedes that the court did not conduct a waiver canvass at any time during the pendency of the proceedings, and that the defendant is therefore entitled to a new trial. See *State* v. *Miller*, 55 Conn. App. 185, 189, 738 A.2d 1142 (1999) ("trial court's failure to conduct an adequate canvass to ensure that the defendant's waiver of the right to counsel was made knowingly and intelligently requires that the defendant be granted a new trial").

The judgment is reversed and the case is remanded for a new trial.[2]

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent oneself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and

"(4) Has been made aware of the dangers and disadvantages of self-representation."

[2] The defendant also claims that (1) he was not afforded reasonable accommodations for his hearing impairment, (2) the court improperly ordered him to pay the town of Woodbury $3616.35 as reimbursement for legal fees and (3) the court improperly instructed the jury. In light of our conclusion regarding the court's failure to canvass the defendant, we need not address these issues.