STATE OF CONNECTICUT *v.* MING ZHI LI
(AC 24738)

Dranginis, Bishop and West, Js.

Argued March 29—officially released July 5, 2005

Pamela S. Nagy, special public defender, for the appellant (defendant).

James M. Ralls, assistant state's attorney, with whom, on the brief, were Kevin T. Kane, state's attorney, and Lonnie Braxton II, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Ming Zhi Li, appeals from the judgment of conviction, rendered after a trial to the court, of one count of criminal trespass in the first degree in violation of General Statutes § 53a-107.[1] The trial court sentenced the defendant to one year of incarceration, execution suspended after thirty days, with two years of conditional discharge. On appeal, the defendant claims that the court (1) improperly canvassed him regarding his waiver of the right to counsel to ensure that the waiver was knowing, voluntary and intelligent, (2) improperly canvassed him regarding his waiver of the right to a jury trial to ensure that the waiver was knowing, voluntary and intelligent, (3) interfered with his presentation of a defense in a manner that violated his constitutional right to a fair trial and (4) failed to provide an adequate interpreter, thereby depriving him of his constitutional right to a fair trial. We reverse the defendant's conviction of criminal trespass in the first degree.[2]

---

[1] General Statutes § 53a-107 (a) provides in relevant part: "A person is guilty of criminal trespass in the first degree when: (1) Knowing that such person is not licensed or privileged to do so, such person enters or remains in a building or any other premises after an order to leave or not to enter personally communicated to such person by the owner of the premises or other authorized person . . . ."

[2] Although the record plainly demonstrates that each of the first three claims asserted by the defendant provides independent grounds for reversal of the judgment of conviction, we need not elongate this opinion with an analysis of each of them because the first claim is dispositive.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The charge of criminal trespass in the first degree stemmed from an incident at Foxwoods Casino (casino) that occurred on the night of March 22, 2003, into the morning of March 23, 2003. At approximately 10 p.m., David Viverios, a security supervisor for the casino, was called to handle a complaint that the defendant had pushed another patron away from a slot machine. In attempting to eject the defendant from the casino, security called Po Hung Ng, the casino host in charge of Asian marketing, to translate for the defendant, who is not fluent in English. Po Hung Ng translated the casino's ejection papers, in the Mandarin dialect of Chinese rather than the defendant's dialect of Shung Hainese. Po Hung Ng then requested that the defendant sign the ejection papers and asked him to wait downstairs in the bus lobby for his bus. The defendant declined to sign the papers and refused to leave after being taken to the bus lobby.

Approximately four hours later, at about 2 a.m. on March 23, 2003, the defendant approached a casino security podium located inside the casino and complained to Mark Cormier, a security shift manager, about the earlier incident. Cormier told the defendant in English that he was trespassing and should wait in the bus lobby. At that time, a state police trooper was called and another casino employee, Ya Chen, was called to interpret the ejection notice for the defendant.[3] The defendant was told that if he refused to go to the bus lobby, he would be arrested and charged with trespassing. When the defendant continued to argue, he was arrested.

The defendant claims that the court violated his constitutional right to counsel "when the court allowed

[3] The identity of Chinese dialect spoken by Ya Chen is not in the record provided to us.

[him] to represent himself during the trial without ever canvassing him to ascertain if his waiver of his right to counsel was voluntary, knowing and intelligent." In support of his claim, he cites the sixth amendment to the United States constitution, article first, § 8, of the constitution of Connecticut, General Statutes § 51-296 and Practice Book § 44-3. In its brief, the state concedes that the court did not canvass the defendant adequately. We agree.

The defendant admits that his claim is unpreserved; therefore, he requests review under both *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), and the plain error doctrine.[4] See Practice Book § 60-5. We conclude that the defendant has satisfied all four prongs of the *Golding* test.[5] The record is adequate for review, and the claim is of constitutional magnitude. "Article first, § 8, of the Connecticut constitution, which is textually similar to the sixth amendment[6] of the federal constitution, provides in relevant part that '[i]n all criminal

[4] In *State* v. *Golding*, supra, 213 Conn. 239–40, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." (Emphasis in original.) Id. "The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." (Internal quotation marks omitted.) *State* v. *Jenkins*, 70 Conn. App. 515, 526 n.9, 800 A.2d 1200, cert. denied, 261 Conn. 927, 806 A.2d 1062 (2002).

[5] Because the defendant succeeds in his claim under *Golding* review, it is unnecessary to also analyze the claim under the plain error doctrine.

[6] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."

prosecutions, the accused shall have the right to be heard by himself and by counsel . . . .' The right to counsel under the sixth amendment of the federal constitution protects a criminal defendant at critical stages of the proceedings from adversarial government agents after 'the adverse positions of government and defendant have solidified' with respect to a particular alleged crime." *State* v. *Piorkowski*, 243 Conn. 205, 215, 700 A.2d 1146 (1997).

The following additional facts are relevant to our determination of this claim. On April 4, 2003, the defendant appeared before the court, *Hadden, J.*, who continued the case "for the purpose of consulting with an attorney, if that is what you wish." At that point, the defendant requested a public defender, but none was appointed. On April 25, 2003, the defendant appeared before the court, *McMahon, J.* In open court, the state informed the court of its willingness to resolve the case by the defendant's payment of a $35 fine or to reduce the charges to simple trespass and to transfer the case to a magistrate. The defendant refused the offer, however, insisting on proving his innocence. The defendant again requested a public defender. The court denied the defendant a public defender, stating that "there is no chance that you could go to jail if convicted. And we don't allow public defenders for nonjailable offenses." The court then transferred the case to a magistrate.

On July 7, 2003, the defendant elected to have a trial before a judge so that he could cross-examine the witnesses and have a court reporter. The court then reinstated the initial charge of criminal trespass in the first degree and explained to the defendant that the charge is "a class A misdemeanor, which means you can go to jail for a year." The trial commenced on July 22, 2003, during which the defendant was not represented by an attorney. The judge never informed the defendant that he was entitled to counsel after the reinstatement

of the charge of criminal trespass in the first degree. The judge also did not canvass the defendant to ensure that any waiver of counsel was knowing, voluntary and intelligent.

The United States Supreme Court has held that "due process requires that the accused have the assistance of counsel for his defense . . . ." (Internal quotation marks omitted.) *Argersinger* v. *Hamlin*, 407 U.S. 25, 28, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972). "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." (Internal quotation marks omitted.) Id., 31. A defendant, however, can waive the right to counsel "if the trial judge finds that he (1) [h]as been clearly advised of the right to the assistance of counsel, including the right to the assignment of counsel when so entitled; (2) [p]ossesses the intelligence and capacity to appreciate the consequences of the decision to represent oneself; (3) [c]omprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and (4) [h]as been made aware of the dangers and disadvantages of self-representation." (Internal quotation marks omitted.) *State* v. *Coleman*, 83 Conn. App. 672, 685, 851 A.2d 329, cert. denied, 271 Conn. 910, 859 A.2d 571 (2004), cert. denied, 544 U.S. 1050, 125 S. Ct. 2290, 161 L. Ed. 2d 1091 (2005); see also Practice Book § 44-3.

"[T]he determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. . . . This important decision rests within the discretion of the trial judge." (Internal quotation marks omitted.) *State* v. *Coleman*, supra, 83 Conn. App. 685. We have stated, however, that "the absence of *any* attempt to canvass the defendant [is an abuse of discretion that] will render

his waiver invalid and require a reversal by this court." (Emphasis in original.) *State* v. *Gaston*, 86 Conn. App. 218, 233, 860 A.2d 1253 (2004), cert. denied, 273 Conn. 901, 867 A.2d 840 (2005).

Our review of the record reveals that the court failed to inform the defendant that he was entitled to be represented by counsel of his choice or a public defender after the reinstatement of the charge. The court also failed to canvass the defendant regarding a waiver of counsel. Once the court reinstated the charge, the defendant should have been advised of his right to counsel and, before proceeding to trial, the court was required to make a thorough inquiry into any waiver of counsel before allowing the defendant to proceed pro se. See *State* v. *Frye*, 224 Conn. 253, 260, 617 A.2d 1382 (1992); see also Practice Book § 44-3.

The court's failure to canvass the defendant represents an abuse of discretion that plainly violated the defendant's constitutional right to counsel as guaranteed by the sixth amendment to the United States constitution and article first, § 8, of the constitution of Connecticut. The state concedes that this constitutional violation was harmful to the defendant. Regrettably, because the defendant already has served his term of incarceration, the only relief that this court can provide to him is a reversal of his wrongful conviction.

The judgment is reversed and the information is dismissed.[7]

---

[7] We take the unusual action of dismissing the information in this instance because the defendant has already served his sentence.