THOMAS, J.
We are constrained to reverse Appellant’s conviction and remand this case for a new trial because the trial court designated Appellant as co-counsel without conducting an inquiry under Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and without advising Appellant of the dangers of self-representation. See Brooks v. State, 703 So.2d 504 (Fla. 1st DCA 1997).
After designating Appellant co-counsel, the trial court allowed him to argue a pretrial motion and present lengthy arguments at his sentencing that essentially constituted requests for post-trial relief. While we understand the trial court’s attempt to accommodate Appellant’s request and promote judicial economy, we established a bright-line rule in Brooks that a trial court cannot designate a criminal defendant as co-counsel and permit the defendant to perform any of the “core functions” of an attorney unless the trial court first conducts a Faretta inquiry. Id. at 506. Because presenting a pretrial motion is a core function of an attorney, we must reverse.
As we noted in Brooks, a trial court certainly possesses the discretion to deny a defendant’s request to serve as co-counsel when the defendant has not made an unequivocal request to represent himself. Id. Due to the inherent dangers associated with hybrid representation, however, the trial court does not possess the discretion to allow such representation without first conducting a Faretta inquiry. Id. Here, the fact that Appellant argued only pretrial and post-trial motions does not alter the requirements of our precedent. See id. (acknowledging that the situation in Payne v. State, 642 So.2d 111 (Fla. 1st DCA 1994), was superficially distinguishable, but stating that this difference did not alter the bright-line rule).
REVERSED.
BARFIELD and VAN NORTWICK, JJ., concur.