WARNER, J.
 

 In this appeal from his convictions for aggravated assault with a firearm and aggravated stalking, appellant claims that the court should have conducted a
 
 Faret-ta
 

 [1]
 
 inquiry when he insisted that his attorney not waive his speedy trial rights. Because appellant did not assert a right of self-representation, the trial court was not required to determine whether he knowingly rejected the right to counsel. We also affirm the remaining issues raised as to his convictions, but reverse the order of restitution because it was entered without the court holding a hearing.
 

 Prior to the start of trial, appellant’s counsel questioned appellant in front of the court, noting that she had recently been appointed to the case and needed more time to prepare. Through her questioning, she made appellant confirm that she had told him that she needed additional time to prepare the case, but he still insisted on exercising his speedy trial rights. The trial court then thoroughly questioned appellant as to his insistence on going to trial, explaining the potential sentence he faced, his attorney’s need for additional
 
 *559
 
 time to prepare, and the disadvantage to appellant by proceeding. Appellant stated that he understood all of that but still wanted to proceed with trial. Appellant’s attorney then proceeded to represent him throughout the trial.
 

 Appellant now asserts that because he insisted on his right to a speedy trial, he essentially was engaging in self-representation, and the trial court should have conducted a
 
 Faretta
 
 inquiry before allowing him to assert this right.
 
 “Faretta
 
 requires that once a defendant asserts the right of self-representation, the court must make an appropriate inquiry to determine whether the defendant knowingly and intelligently waived the right to counsel.”
 
 Waterhouse v. State,
 
 596 So.2d 1008, 1014 (Fla.1992);
 
 see also State v. Roberts,
 
 677 So.2d 264, 265 (Fla.1996) (explaining that
 
 Faretta
 
 inquiries are required where a defendant has made an unequivocal request for self-representation). In addition, while a defendant does not have a right to “hybrid” representation,
 
 Faretta
 
 warnings are required whenever the trial court permits a defendant to undertake a portion of his defense that is a “core function” of a lawyer.
 
 See Brooks v. State,
 
 703 So.2d 504, 505-06 (Fla. 1st DCA 1997);
 
 see also Madison v. State,
 
 948 So.2d 975 (Fla. 1st DCA 2007) (holding that the trial court does not possess the discretion to allow hybrid representation without first conducting a
 
 Far-etta
 
 inquiry). Core functions of a defense lawyer in a criminal case include selecting juries, introducing and objecting to evidence, cross-examining witnesses, making motions, preserving legal issues for appeal, and giving opening and closing statements.
 
 United States v, Gerritsen,
 
 571 F.3d 1001, 1011-12 (9th Cir.2009);
 
 United States v. Erskine,
 
 355 F.3d 1161, 1168 (9th Cir.2004). Simply because an attorney can waive speedy trial over the defendant’s objection does not turn it into a core function of a lawyer.
 
 See Williams v. State,
 
 383 So.2d 722, 726 (Fla. 1st DCA 1980) (explaining that it is not error for counsel to waive speedy trial without the client’s approval if the waiver was made in good faith and the attorney believed the delay would benefit the client).
 

 Appellant never requested self-representation. Nor is the decision to waive or assert speedy trial rights a core function which would trigger a
 
 Faretta
 
 inquiry. The decision as to whether to waive speedy trial does not require the level of skill and experience that the “core functions” of a lawyer demand. In fact, our supreme court has made clear that the client should be “involved” with such a decision.
 
 See State ex rel. Gutierrez v. Baker,
 
 276 So.2d 470, 471 (Fla.1973). Honoring a client’s wishes in this regard is not the same as an attorney allowing the defendant to perform a core function of the attorney’s role in the defense,
 
 see, e.g., Brown v. State,
 
 894 So.2d 137, 146 (Fla.2004) (counsel was not ineffective for honoring the defendant’s wishes not to present certain mitigating evidence which might have suggested that he and the victim were homosexuals);
 
 Rose v. State,
 
 617 So.2d 291, 294 (Fla.1993) (“When a defendant preempts his attorney’s strategy by insisting that a different defense be followed, no claim of ineffectiveness can be made.”);
 
 Sims v. State,
 
 602 So.2d 1253, 1257-58 (Fla.1992) (“[W]e do not believe counsel can be considered ineffective for honoring the client’s wishes.”);
 
 cf. Whitfield v. State,
 
 923 So.2d 375, 384 (Fla.2005) (declining to consider whether counsel provided deficient performance by acquiescing in defendant’s desire to request a speedy trial where no prejudice resulted from the speedy trial demand). The trial court was not required to conduct a
 
 Faretta
 
 hearing.
 

 Moreover, in this case the court conducted a thorough colloquy with the appellant.
 
 *560
 
 Just as the trial court inquires of a defendant regarding his decision to testify or not to testify, the court fully informed the defendant of the dangers of going to trial without giving his attorney full time to prepare. The court also informed him of his substantial exposure. If any inquiry were needed, then what the trial court conducted in this case would surely suffice.
 

 Briefly addressing the remaining issues, appellant raises ineffective assistance of counsel on the face of the record. An appellate court may address an ineffective assistance claim on direct appeal only in the rare case where both prongs of
 
 Strickland
 

 [2]
 

 — the error and the prejudice — are manifest in the record.
 
 See Smith v. State,
 
 998 So.2d 516, 523 (Fla.2008). This is not one of those rare cases. Our affirmance is without prejudice to appellant raising a claim of ineffective assistance of counsel in postconviction proceedings.
 

 Appellant also claims that the prosecutor’s closing argument, none of which was objected-to, was so improper as to constitute fundamental error. Improper comments rise to the level of fundamental error only where the error “reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.”
 
 Brooks v. State,
 
 762 So.2d 879, 899 (Fla.2000). Even if some of the comments were improper, an issue we do not decide, they did not affect the validity of the trial itself.
 

 As to the issue of restitution, the state concedes, and we agree, that the trial court erred in ordering appellant to pay restitution without holding a hearing on restitution.
 
 See Iaconetti v. State,
 
 869 So.2d 695, 700 (Fla. 2d DCA 2004) (it is reversible error to impose restitution
 
 without
 
 notice or hearing). We therefore reverse the order of restitution and remand for the court to conduct an appropriate hearing.
 

 For the foregoing reasons we affirm appellant’s convictions and sentences, except as to the order of restitution which we reverse and remand for the trial court to conduct an appropriate hearing.
 

 POLEN and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 

 [2]
 

 .
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).