WARNER, J.
 

 Xavier Chariot appeals his conviction for carrying a concealed weapon. He makes two claims on appeal. First, he argues that the trial court erred in denying his motion for judgment of acquittal on the ground that the weapon was not concealed. We affirm on this issue as the state presented a jury question as to whether the gun was concealed.
 
 See Dorelus v. State,
 
 747 So.2d 368 (Fla.1999). We write to address the second issue, in which Chariot claims that the court erred in failing to conduct a
 
 Faretta
 
 hearing when Chariot
 
 *1177
 
 decided, against the advice of his counsel, to go to trial. We affirm, as
 
 Faretta
 
 does not apply where the defendant does not seek to represent himself, and the court made the appropriate inquiry to assure that his objection to a continuance was knowing and intelligent.
 

 On the morning of trial the defense counsel told the court that he had become aware of a possible motion to suppress. The day before he also became aware of a potential defense witness, but he would need to seek a continuance to pursue it. Otherwise, he was ready for trial. The defendant did not want to delay the trial for either reason. The judge engaged in a colloquy with the defendant. He confirmed with Chariot that the defense counsel thought that there was a dispositive motion to suppress that might be filed, explaining what the motion meant but also telling Chariot that it might or might not be granted. It would require a continuance of the trial. Chariot indicated that he understood but wanted to go to trial. He did not want to delay the trial in order to pursue the suppression issue. Chariot further indicated satisfaction with his lawyer. The trial then commenced, and Chariot was found guilty of carrying a concealed weapon and sentenced to thirty months of probation.
 

 On appeal, he contends that by making the decision to go to trial and not allowing his attorney to file a motion to suppress he was effectively acting as his own attorney, requiring a
 
 Faretta
 
 inquiry.
 
 See Faretta v. California,
 
 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
 
 [1]
 
 He argues that before he should have been allowed to make that decision to forego a motion to suppress the judge was required to question him as to whether he was making a voluntary and intelligent waiver of counsel.
 

 We do not construe the defendant’s opposition to a continuance of his trial as a request to represent himself and act as his own attorney. While one court has stated that a motion for continuance is a decision to be made by the defense attorney, even over the objection of the client,
 
 see Laidler v. State,
 
 10 So.3d 1136, 1138 (Fla. 1st DCA 2009), we can only assume that defense counsel in this case did not feel strongly that the need for a continuance was fundamental to his representation, because he did not seek to withdraw from representation.
 
 See Comment to Rule ⅛-1.2, Rules Regulating the Florida Bar
 
 (“On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client’s objectives. The lawyer should consult with the client and seek a mutually acceptable resolution of the disagreement. If such efforts are unavailing and the lawyer has a fundamental disagreement with the client, the lawyer may withdraw from representation_ Conversely, the client may resolve the disagreement by discharging the lawyer.”).
 

 Under very similar circumstances, our supreme court held that the court’s denial of defense counsel’s motion for continuance where his client objected to the continuance was not an abuse of discretion. In
 
 Curtis v. State,
 
 685 So.2d 1234 (Fla.1996), defense counsel told the court that he had discussed a continuance of Curtis’s trial for murder with him, telling him that he would
 
 *1178
 
 be “ill-prepared” to conduct the trial. After a lengthy inquiry with Curtis, the court denied the continuance. Defense counsel again requested a continuance at another pretrial conference which Curtis again opposed, and the court denied the continuance.
 

 On appeal, Curtis argued that the court erred in denying the continuance. The supreme court disagreed, finding that Curtis had agreed to the denial:
 

 The granting or denying of a continuance is within the sound discretion of the trial court and this Court will not set aside such a ruling absent an abuse of discretion, even in a capital case ... In the present case, the trial court discussed the matter extensively with Curtis on numerous occasions and disclosed in detail the consequences of a prompt trial. Curtis was adamant. Curtis’s decision was informed and knowing and was properly within his purview ... We find no error.
 

 Id.
 
 at 1236 (citations omitted). While Curtis did not argue that the court should have provided him with
 
 Faretta
 
 warnings, we do not think the supreme court would have approved of the procedure used, or referred to it as “informed and knowing,” if the court thought that he was exercising his right to self-representation.
 

 In
 
 Boyd v. State,
 
 45 So.3d 557 (Fla. 4th DCA 2010), we refused to require a
 
 Faret-ta
 
 hearing when the defendant insisted on exercising his speedy trial right over the objection of his counsel. Insisting on the right to a speedy trial is tantamount to objecting to a continuance of that trial. Thus, we deem
 
 Boyd
 
 as controlling. We said:
 

 Appellant never requested self-representation. Nor is the decision to waive or assert speedy trial rights a core function which would trigger a
 
 Faretta
 
 inquiry. The decision as to whether to waive speedy trial does not require the level of skill and experience that the “core functions” of a lawyer demand. In fact, our supreme court has made clear that the client should be “involved” with such a decision.... Honoring a client’s wishes in this regard is not the same as an attorney allowing the defendant to perform a core function of the attorney’s role in the defense[.]
 

 Id.
 
 at 559 (citations omitted). The same may be said of a motion for continuance, even without speedy trial implications.
 

 We recognize that both defense counsel and the court walk a fine line in this area. It is not an infrequent occurrence that defense counsel and a defendant can be at odds over a decision to continue the trial for further discovery or other grounds. A defendant may want to get the trial over with; defense counsel may need time to develop other evidence. A court might deny a continuance based upon the defendant’s wishes; however, that should not require the court to do more than assure that the defendant’s position is knowing and intelligent.
 
 See Cur-tís,
 
 685 So.2d at 1236. The court made that inquiry in this case. Since the defendant was not requesting the right to represent himself at the trial, a
 
 Faretta
 
 hearing was not required.
 

 Affirmed.
 

 STEVENSON and CONNER, JJ., concur.
 

 [1]
 

 .
 
 Faretta
 
 held that criminal defendants have a constitutional right to refuse counsel and to represent themselves.
 
 Once a defendant makes an unequivocal request for self-representation,
 
 pursuant to
 
 Faretta
 
 and the Florida Supreme Court’s precedent, "the trial court is obligated to hold a hearing 'to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.’ ”
 
 McCray v. State,
 
 71 So.3d 848, 864 (Fla.2011). He must be made aware of the dangers and disadvantages of self-representation.
 
 Id.