PER CURIAM.
Maurice Bowers appeals his convictions for armed robbery with a firearm and battery, contending the trial court failed to conduct an adequate hearing as required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) and Florida Rule of Criminal Procedure 3.111(d)(2) before allowing him to represent himself at trial. We agree and reverse.
A few months after a presiding judge conducted a hearing pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), and concluded that appellant’s counsel was providing effective representation, appel *1231 lant wrote a letter to the judge asking to represent himself. The judge scheduled a Faretta hearing. At the hearing, the judge was understandably confused about what relief appellant was actually requesting, whether he just wanted to complain about defense counsel or actually sought to represent himself. Eventually, appellant articulated that he would like to act as his own legal counsel in the case, but also wanted to receive advice from defense counsel, who would act as co-counsel. Unfortunately, it appears that the judge inadvertently failed to proceed with the required Faretta hearing. The State professionally and correctly concedes that this failure constituted error. Compare Madison v. State, 948 So.2d 975 (Fla. 1st DCA 2007) (holding that appointment of defendant as co-counsel without conducting a Faretta inquiry required reversal). We believe that the following comment is pertinent:
In light of the consequences of a trial judge’s failure to comply with this rule [Florida Rule of Criminal Procedure 8.111(d) ] — as reflected by the large number of reported reversal of convictions resulting from noncompliance — trial judges should be particularly attuned to the requirements of this rule. Prosecutors provide valuable assistance to trial judges and to the criminal justice process generally by reminding trial judges of these requirements when appropriate. (emphasis supplied).
Michael E. Allen, Florida Criminal Procedure, § 8:9 (2012 ed.).
REVERSED and REMANDED.
DAVIS, VAN NORTWICK, and PADOVANO, JJ., concur.