ANDRE DENNIS *v.* COMMISSIONER
OF CORRECTION
(AC 32155)

DiPentima, C. J., and Bear and Lavery, Js.

Argued October 13, 2011—officially released April 3, 2012

*Bradford Buchta*, assistant public defender, for the appellant (petitioner).

*Kathryn Ward Bare*, assistant state's attorney, with whom, on the brief, were *John Connelly*, former state's attorney, and *Karen Diebolt*, assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVERY, J. The petitioner, Andre Dennis, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The dispositive issue on appeal is whether the court properly determined that the petitioner was represented by counsel during the underlying criminal proceedings. We conclude that the court erred in determining that the petitioner was represented by counsel. Accordingly, we reverse the judgment of the habeas court.

The following facts and procedural history are relevant to our review of the petitioner's appeal. The underlying criminal proceedings stem from three independent arrests. First, the petitioner was arrested on November 16, 2006, and charged with various criminal and motor vehicle offenses under four separate warrants.[1] Second, the petitioner was arrested on March 20, 2007, and charged with various criminal offenses including criminal mischief in the third degree, violation of a restraining order and threatening in the second degree under three additional warrants. Third, the petitioner was arrested on March 22, 2007, and charged with, among other offenses, criminal mischief in the second degree and harassment in the second degree under another three warrants. Therefore, the petitioner had a total of ten criminal cases.

Following the petitioner's first arrest, a public defender was appointed during the petitioner's arraignment. The court set the petitioner's bond at $100,000. The petitioner posted bond and then hired a private attorney, Michael Ferguson, to represent him on the four cases which arose out of his first arrest.

At the petitioner's arraignment for his second arrest on March 21, 2007, the court asked the public defender whether the petitioner qualified for public defender services. The public defender responded that the petitioner would like to represent himself. Without canvassing the petitioner, the court permitted him to do so. The court then set the petitioner's bond at $250,000 which was not posted.

The next day, the petitioner was arraigned on the final three cases. At the arraignment, the court asked the petitioner whether he wished to argue his bond

---

[1] The charges included, among others, criminal mischief in the third degree, evading responsibility, breach of the peace, threatening in the second degree, operating a motor vehicle without a license and reckless driving.

himself or have a lawyer argue it. The petitioner responded: "It doesn't matter." The petitioner then informed the court that he had retained an attorney, Michael Ferguson. The assistant state's attorney informed the court that although Ferguson did in fact represent the petitioner in four cases, he had notified the state that he was not going to enter appearances in the new files. The court then set the petitioner's bond at $55,000, which was not posted.

On May 8, 2007, the petitioner appeared before the court again. The assistant state's attorney informed the court that Ferguson would not be representing the petitioner in the six new cases. The public defender then informed the court that although he would like to be appointed for the purposes of the bond hearing, he would not like it to be a full appointment because the petitioner had posted a $100,000 bond in the first four cases, and, therefore, the petitioner was able to hire private counsel for the remaining six cases. Ultimately, the public defender deferred to the court on whether a public defender should be appointed to fully represent the petitioner. The court, however, took no action but stated that it would address the issue on the next court date. The next court date was on May 15, 2007, but the issue was not addressed.

On June 19, 2007, the petitioner appeared before the court again. Ferguson informed the court that he represented the petitioner in only four of the ten cases and that the petitioner did not have an attorney in the other six cases. The assistant state's attorney then informed the court that an offer had been made to resolve all ten of the petitioner's pending criminal cases. The petitioner accepted the state's plea bargain offer for a total effective sentence of five years incarceration. After canvassing the petitioner pursuant to Practice Book § 39-

19,[2] the court accepted his pleas of guilty. The petitioner's case was continued to July 23, 2007, for sentencing.

On July 23, 2007, the assistant state's attorney informed the court that she had received a letter from the petitioner that appeared to be a request to withdraw his pleas of guilty. One of the reasons that the petitioner gave for wanting to withdraw his pleas was that he had represented himself on six of the ten cases. Ferguson reminded the court that he only represented the petitioner on four of the ten cases. The court ultimately denied the petitioner's request to withdraw his pleas. The court then imposed a total effective sentence of five years incarceration. The petitioner did not file a direct appeal.

On March 12, 2008, the petitioner filed a petition for a writ of habeas corpus. Through his investigation, the petitioner's attorney for this habeas matter, Bradford Buchta, discovered that there was no factual basis for one of the charges[3] in which the petitioner was unrepresented and to which he pleaded guilty. Buchta informed the assistant state's attorney, who agreed, and on July

---

[2] Practice Book § 39-19 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he or she fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he or she has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he or she has the right to be tried by a jury or a judge and that at that trial the defendant has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself."

[3] The charge was criminal violation of a restraining order in violation of General Statutes § 53a-223b.

15, 2009, the state filed a motion to correct an illegal sentence in the trial court for a case in which the petitioner was unrepresented. The state asked that the petitioner's guilty plea and sentence be set aside and that the charge of criminal violation of a restraining order be dismissed because there in fact had not been a restraining order in effect at the time. The court granted the state's motion. The remainder of the plea agreement and the total effective sentence was not affected by this decision because the petitioner also was serving a separate and concurrent five year sentence with the same discharge date.

The petitioner's amended petition for a writ of habeas corpus alleged that he was denied his sixth amendment right to counsel for the six cases in which he was self-represented. The respondent, the commissioner of correction, argued that the petitioner's claim was procedurally defaulted because the petitioner failed to raise the claim in the trial court or on direct appeal. After a trial, the court orally rendered judgment in favor of the respondent. The court found that the petitioner was procedurally defaulted for failing to appeal his motion to withdraw his guilty pleas. The court also concluded that the petitioner did not waive his right to counsel but, rather, "declined to exercise [his] right to have either a public defender if he was indigent or hire counsel to represent him." The court stated that the petitioner elected to proceed representing himself and could have, at any time during the proceedings, requested the services of a public defender. The court further concluded that Ferguson, who represented the petitioner on four of the ten cases and having negotiated a global settlement on all ten of the cases, "acted as a de facto counsel representing him in the other six matters." The court then denied the petition for a writ of habeas corpus.

On appeal, the petitioner claims that (1) the habeas court erred by applying the procedural default doctrine to his claim, (2) the habeas court erred in finding that the petitioner's criminal defense attorney acted as his "de facto" counsel for all ten cases, and that the "de facto" representation met the requirements of the sixth amendment, (3) the habeas court erred in finding that the petitioner knowingly and intelligently waived his right to counsel in six of the ten cases disposed of as part of the plea agreement, (4) harmless error analysis does not apply and prejudice is presumed and (5) the appropriate remedy on remand is to order that the habeas corpus petition be granted and that the entire plea agreement be vacated. The respondent argues that the habeas court properly denied the petition because the petitioner was not denied his sixth amendment right to counsel. We agree with the petitioner as to all claims.

"[T]he standard of review for whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The sixth amendment to the United States constitution has long guaranteed the right to assistance of counsel in all criminal prosecutions. U.S. Const., amend. VI. The sixth amendment right to counsel is made applicable to state prosecutions through the due process clause of the fourteenth amendment. See *Gideon* v. *Wainwright*, 372 U.S. 335, 342, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). It has long been recognized that the right to counsel is the right to the effective assistance of counsel." (Citation omitted; internal quotation marks omitted.) *Solek* v. *Commissioner of Correction*, 107 Conn. App. 473, 481–82, 946 A.2d 239, cert. denied, 289 Conn. 902, 957 A.2d 873 (2008).

The preliminary issue on appeal is whether the habeas court erred in finding that the petitioner's claim was barred by the doctrine of procedural default. "The

appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default is the cause and prejudice standard. Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition. . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal . . . ." (Internal quotation marks omitted.) Id., 478–79 n.2. "In *Wainwright* v. *Sykes*, [433 U.S. 72, 87, 90–91, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)], the Supreme Court held that a petitioner who raises a constitutional claim for the first time in a habeas proceeding must show: (1) cause for the procedural default, i.e., for the failure to raise the claim previously; and (2) prejudice resulting from the alleged constitutional violation. In the absence of such a showing, a court will not reach the merits of the claim. We adopted this standard for state habeas proceedings in *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 409, 589 A.2d 1214 (1991)." *Duperry* v. *Solnit*, 261 Conn. 309, 331–32, 803 A.2d 287 (2002).

The petitioner contends that the procedural default doctrine does not apply in instances where, as here, violation of the sixth amendment right to counsel is alleged. At oral argument before this court, the assistant state's attorney stated that the issue of whether the petitioner was barred by the doctrine of procedural default and the issue of whether the petitioner was denied his constitutional right to counsel would require the same inquiry by this court. The respondent stated that "the petitioner's procedural default defense, i.e., lack of counsel, and the merits of the appeal require resolution of the same question, namely, whether the petitioner had assistance of counsel at the time that he

decided to plead guilty and nolo contendere in four of the six new files." We agree with the respondent. See generally *Henderson* v. *Commissioner of Correction*, 104 Conn. App. 557, 935 A.2d 162 (2007), cert. denied, 285 Conn. 911, 943 A.2d 470 (2008); *Restrepo* v. *Kelly*, 178 F.3d 634 (2d Cir. 1999). Accordingly, we will proceed to the first step of the cause and prejudice analysis.

The first prong of the cause and prejudice analysis requires the petitioner to "demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition." (Internal quotation marks omitted.) *Solek* v. *Commissioner of Correction*, supra, 107 Conn. App. 478–79 n.2. In other words, the petitioner must demonstrate good cause for his failure to appeal directly from the denial of his motion to withdraw his guilty pleas. As we noted previously, the petitioner attempted to withdraw his guilty pleas at sentencing, in part, because he had represented himself in six of his ten cases.

The petitioner asserts that his "lack of counsel is sufficient cause to excuse any default for failing to [directly] appeal." The respondent argues that the petitioner had the assistance of counsel within the meaning of the sixth amendment at the time of his pleas on all of his files. Therefore, the respondent contends, the petitioner was not deprived of his right to counsel in any constitutional sense. We agree with the petitioner.

"The United States Supreme Court has summarized the rule as follows: *So long as a defendant is represented by counsel* whose performance is not constitutionally ineffective under the standard established in *Strickland* v. *Washington*, [466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default. Instead, we think that

the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by officials . . . made compliance impracticable, would constitute cause under this standard. *Murray* v. *Carrier*, [477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)]." (Emphasis added; internal quotation marks omitted.) *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 137, 629 A.2d 413 (1993).

"Examples of cause include a 'showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable.' *Murray* [v. *Carrier*, supra, 477 U.S. 488]. Ineffective assistance of counsel in violation of the Sixth Amendment is also cause for procedural default." *Jones* v. *Armstrong*, 367 Fed. Appx. 256, 257 (2d Cir.), cert. denied, 560 U.S. 949, 130 S. Ct. 3367, 176 L. Ed. 2d 1263 (2010).

The respondent argues that the petitioner was not denied his right to counsel. It is important to note that the respondent does not argue that the petitioner represented himself but, rather, that the representation that the petitioner received from Ferguson fulfills the requirements under the sixth amendment. First, the respondent argues, the petitioner had retained private counsel, who was paid by the petitioner, filed formal appearances in four of the ten cases and appeared with the petitioner at the plea canvass and sentencing. Second, the respondent asserts that Ferguson provided assistance to the petitioner on the files that the petitioner purportedly was proceeding pro se by informing

the petitioner of the state's offer and providing advice to him on the global offer. Third, the petitioner chose to resolve all of the cases on the basis of advice from Ferguson. Fourth, the respondent argues that the petitioner knowingly and voluntarily entered his pleas on all of his files while Ferguson was present and with his assistance. We are not persuaded.

In its decision, the habeas court found both that the petitioner waived his right to representation and, at the same time, was represented by counsel. The habeas court stated: "[The petitioner] did not waive his right to counsel. He elected to proceed representing himself. Now it's true one cannot exercise these two rights simultaneously, but at no time, based upon the evidence presented here, did [the petitioner] give up his right to be represented by counsel. . . . [the petitioner] was once again advised of his right to representation and at that point upon the entry of the guilty plea waived his right to representation. He was fully advised as to his right to representation and fully waived it at that point. . . . In this matter, [the petitioner], in fact, had partial counsel. Counsel represented him in, and in fact, filed appearances in four of the cases. Indeed, having negotiated a global settlement . . . Ferguson acted as a de facto counsel representing him in the other six matters." The habeas court therefore contradictorily found that the petitioner never waived his right to counsel, waived his right to counsel, and was, in fact, represented by counsel on all ten cases. We disagree with the habeas court's conclusions.

The petitioner never received his constitutional right to have counsel appointed to assist him with his criminal cases. Indeed, the record reveals that at virtually every opportunity the petitioner, a public defender who was representing him for bond purposes only, Ferguson and, in one instance, the assistant state's attorney, informed the trial court that the petitioner remained

unrepresented on six of the ten cases. We conclude that the habeas court's finding of "de facto" representation is without merit. The petitioner was entitled to full and effective assistance of counsel.

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, supra, 466 U.S. 686. This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. *Baez* v. *Commissioner of Correction*, 34 Conn. App. 236, 242–43, 641 A.2d 147, cert. denied, 231 Conn. 905, 906, 648 A.2d 149 (1994). Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings; *Colson v. Smith*, 438 F.2d 1075, 1078 (5th Cir. 1971); and plea bargaining is an integral component of the criminal justice system and essential to the expeditious and fair administration of our courts. *Blackledge* v. *Allison*, 431 U.S. 63, 71, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977); see *Statewide Grievance Committee* v. *Whitney*, 227 Conn. 829, 842, 633 A.2d 296 (1993)." *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 153, 662 A.2d 718 (1995). For counsel to provide effective assistance, he must adequately investigate each case to determine relevant facts. See footnote 4 of this opinion. This court has held that "[b]ecause a defendant often relies heavily on counsel's independent evaluation of the charges and defenses, the right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction." (Internal quotation marks omitted.) *Ricks* v. *Commissioner of Correction*, 98 Conn. App. 497, 502, 909 A.2d 567 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007).

It is clear from our examination of the record that the petitioner, Ferguson, and the assistant state's attorney

understood that the petitioner was unrepresented on six of the ten cases to which he pleaded guilty. The record reveals that Ferguson's sole involvement with the other six cases was simply to convey an offer from the assistant state's attorney to the petitioner. Mere conveyance of a plea bargain offer—without an examination and investigation into the underlying facts of each charge—does not constitute effective assistance of counsel.[4] See id., 502. Therefore, there is no merit to the habeas court's finding that Ferguson provided "de facto" representation to the petitioner. Accordingly, Ferguson did not provide, and was under no obligation to provide, the constitutionally required effective assistance of counsel. Because the lack of effective assistance of counsel is sufficient to meet the "cause" prong, we agree with the petitioner that his "lack of counsel is sufficient cause to excuse any default for failing to [directly] appeal." Violation of the right to counsel is an external error. "[A]s stated in *Coleman* [v. *Thompson*, 501 U.S. 722, 754, 111 S. Ct. 2546, 115 L. Ed. 2d 640, (1991)], a violation of the constitutional right to counsel 'must' be considered an external error." *Restrepo* v. *Kelly*, supra, 178 F.3d 641. Therefore, we conclude that the petitioner met his burden of demonstrating cause for not directly appealing the denial of his request to withdraw his guilty pleas.

The habeas court's finding that the petitioner chose to represent himself on the six cases also is incorrect. We review a habeas court's determination with respect to whether the petitioner knowingly and voluntarily

---

[4] The facts of this case demonstrate the importance of investigating the charges. In one of the cases in which the petitioner was not represented by counsel, CR-07-0359649, the petitioner pleaded guilty to a charge that had no basis in fact. The petitioner entered a plea of guilty to a class D felony, criminal violation of a restraining order, when there was in fact, no restraining order in effect. This was the most serious charge that the petitioner faced out of the ten cases, and for which he received a controlling five year sentence.

elected to proceed pro se for abuse of discretion. See *State* v. *D'Antonio*, 274 Conn. 658, 709, 877 A.2d 696 (2005). "The right to counsel and the right to self-representation present mutually exclusive alternatives. A criminal defendant has a constitutionally protected interest in each, but since the two rights cannot be exercised simultaneously, a defendant must choose between them. When the right to have competent counsel ceases as the result of a sufficient waiver, the right of self-representation begins. . . . Put another way, a defendant properly exercises his right to self-representation by knowingly and intelligently waiving his right to representation by counsel. . . . *State* v. *Wolff*, 237 Conn. 633, 654, 678 A.2d 1369 (1996). When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must knowingly and intelligently [forgo] those relinquished benefits. . . . *State* v. *Frye*, 224 Conn. 253, 256, 617 A.2d 1382 (1992). The state bears the burden of demonstrating that the defendant knowingly and intelligently waived his right to counsel." (Internal quotation marks omitted.) *State* v. *Diaz*, 274 Conn. 818, 828–29, 878 A.2d 1078 (2005).

"[Practice Book § 44-3][5] was adopted in order to implement the right of a defendant in a criminal case

---

[5] Practice Book § 44-3 provides: "A defendant shall be permitted to waive the right to counsel and shall be permitted to represent himself or herself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of the right to the assistance of counsel, including the right to the assignment of counsel when so entitled;

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent oneself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and

"(4) Has been made aware of the dangers and disadvantages of self-representation."

to act as his own attorney . . . . Before a trial court may accept a defendant's waiver of counsel, it must conduct an inquiry in accordance with § [44-3], in order to satisfy itself that the defendant's decision to waive counsel is knowingly and intelligently made. . . . Because the § [44-3] inquiry simultaneously triggers the constitutional right of a defendant to represent himself and enables the waiver of the constitutional right of a defendant to counsel, the provisions of § [44-3] cannot be construed to require anything more than is constitutionally mandated. . . .

"The nature of the inquiry that must be conducted to substantiate an effective waiver has been explicitly articulated in decisions by various federal courts of appeals. See, e.g., *United States* v. *Cash,* 47 F.3d 1083, 1088 (11th Cir. 1995) (court must inform defendant of charges, included offenses and possible range of punishment); *United States* v. *Hurtado,* 47 F.3d 577, 583 [(2d Cir.)] (factors determining valid waiver include whether defendant understood that he had choice between proceeding pro se and with assigned counsel, understood advantages of having trained counsel, and had capacity to make intelligent choice) [cert. denied, 516 U.S. 903, 116 S. Ct. 266, 133 L. Ed. 2d 188 (1995)]; *United States* v. *Van Krieken,* 39 F.3d 227, 229 (9th Cir. 1994) (defendant must be aware of nature of charges against him, possible penalties and disadvantages of self-representation); *Government of Virgin Islands* v. *James,* 934 F.2d 468, 471 (3d Cir. 1991) (waiver must be made with apprehension of nature of charges, statutory offenses included within them, range of allowable punishments thereunder, possible defenses to charges, circumstances in mitigation thereof, and all other facts essential to broad understanding of whole matter); *United States* v. *Silkwood,* 893 F.2d 245, 249 (10th Cir. 1989) (same) [cert. denied, 496 U.S. 908, 110 S. Ct. 2593, 110 L. Ed. 2d 274 (1990)]; *United States* v. *McDowell,*

814 F.2d 245, 251 [(6th Cir.)] (model inquiry includes questioning about defendant's legal background, knowledge of crimes charged, possible punishments, familiarity with Federal Rules of Evidence and Criminal Procedure, procedure for testifying, and advice that defendant would be better served by representation by trained attorney) [cert. denied, 484 U.S. 980, 108 S. Ct. 478, 98 L. Ed. 2d 492 (1987)]. . . .

"The defendant, however, does not possess a constitutional right to a specifically formulated canvass [with respect to this inquiry]. His constitutional right is not violated as long as the court's canvass, whatever its form, is sufficient to establish that the defendant's waiver was voluntary and knowing. . . . In other words, the court may accept a waiver of the right to counsel without specifically questioning a defendant on each of the factors listed in Practice Book § [44-3] if the record is sufficient to establish that the waiver is voluntary and knowing." (Internal quotation marks omitted.) *State* v. *T.R.D.*, 286 Conn. 191, 203–204, 942 A.2d 1000 (2008).

The trial court never canvassed the petitioner pursuant to Practice Book § 44-3. The habeas court found that the petitioner waived his right to counsel "at the point upon the entry of the guilty plea." The respondent argues that the petitioner was canvassed according to Practice Book § 39-19,[6] and that suffices as a canvass under § 44-3. Although §§ 39-19 and 44-3[7] overlap in some content, one cannot suffice for the other. Both sections include clear mandatory advisories from the judicial authority to the defendant concerning his or her right to the assistance of counsel and the range of permissible punishments. Each section, however, includes very clear subsections that are unique to each

---

[6] See footnote 2 of this opinion.

[7] See footnote 5 of this opinion.

section. Section 44-3 (4), for example, which requires that the defendant "[h]as been made aware of the dangers and disadvantages of self-representation," has no comparable provision in § 39-19. Furthermore, as we noted previously, the petitioner had the right to the assistance of counsel at all critical stages of the proceedings. See *Strickland* v. *Washington,* supra, 466 U.S. 686. The habeas court's finding that the petitioner waived his right to counsel at the last possible moment—"at the entry of the guilty plea"—is prima facie insufficient. At no point during the proceedings did the trial court make a thorough inquiry to satisfy itself that the petitioner was aware of the rights that he would give up by choosing to proceed by representing himself, as is required by § 44-3. Specifically, the trial court never inquired as to whether the petitioner had been clearly advised that he had the right to the assignment of counsel if so entitled; whether the petitioner possessed the intelligence and capacity to appreciate the consequences of the decision to represent himself; whether the petitioner comprehended the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and whether he had been made aware of the dangers and disadvantages of self-representation. Because the petitioner was never canvassed according to § 44-3, he did not knowingly and intelligently waive his right to counsel. See *State* v. *T.R.D.,* supra, 286 Conn. 198–206. We therefore conclude that the habeas court's finding that the petitioner waived his right to counsel was an abuse of discretion.

As for the second prong of the analysis, actual prejudice is presumed when the petitioner's right to counsel is violated. " 'The right to counsel is so basic that its violation mandates reversal even if no particular prejudice is shown and even if there is overwhelming evidence of guilt.' *State* v. *Varricchio,* 10 Conn. App. 265,

270, 522 A.2d 843 (1987); see also *United States* v. *Decoster*, 624 F.2d 196, 201 (D.C. Cir. 1979)." *State* v. *Frye*, 224 Conn. 253, 262, 617 A.2d 1382 (1992). A violation of the right to counsel constitutes a structural error; as such, the petitioner is not required to demonstrate prejudice. See generally *United States* v. *Gonzales-Lopez*, 548 U.S. 140, 150, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006); *United States* v. *Barnett*, 398 F.3d 516, 526 (6th Cir. 2005). Accordingly, the petitioner's claim is not barred by the doctrine of procedural default. Furthermore, we conclude that the petitioner was denied his constitutional right to the assistance of counsel.

Because we conclude that the petitioner's right to counsel was violated, we will now consider the appropriate remedy. The petitioner and the respondent agree that the proper remedy is for the entire plea agreement to be vacated. We agree that this is the proper remedy. See *State* v. *Alicea*, 41 Conn. App. 47, 60 n.14, 674 A.2d 468 (1996) ("[b]ecause the defendant's plea of guilty to the charge of failure to appear in the first degree in case CR93-438257 was entered as part of a single plea bargain disposing of three different cases with an assortment of charges, our conclusion here necessarily unravels the entire plea bargain"); *State* v. *Coleman*, 48 Conn. App. 260, 268 n.10, 709 A.2d 590 (1998) (withdrawal of guilty pleas that were entered as part of plea bargain necessarily unravels entire plea bargain), aff'd, 251 Conn. 249, 741 A.2d. 1 (1999), cert. denied, 529 U.S. 1061, 120 S. Ct. 1570, 146 L. Ed. 2d. 473 (2000).

The judgment is reversed and the case is remanded to the habeas court with direction to render judgment granting the petition for a writ of habeas corpus and vacating all of the petitioner's guilty pleas, and for further proceedings in accordance with law.

In this opinion the other judges concurred.