******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# GENE NEWLAND *v.* COMMISSIONER OF CORRECTION
## (SC 19987)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.

*Syllabus*

Pursuant to *Wainwright* v. *Sykes* (433 U.S. 72), a petitioner raising a constitutional claim for the first time in a habeas proceeding generally must show both cause for the procedural default and prejudice for the habeas court to reach the merits of the claim.

The petitioner, who had been convicted of sexual assault in the first degree and risk of injury to a child, sought a writ of habeas corpus, claiming, inter alia, a violation of his constitutional right to counsel at his criminal trial. During certain pretrial hearings in his criminal case, the petitioner informed the trial court that he had applied for a public defender but had been deemed ineligible because he owned a house. The petitioner also informed the court that he had lost one of his jobs, that his house was in foreclosure, and that he could not afford private counsel. The trial court stated to the petitioner that eligibility for a public defender was determined independently of the court and suggested that the petitioner reapply for such services. The case subsequently was scheduled for trial, and, when the petitioner appeared for jury selection without representation, the trial court conducted a canvass to determine whether the petitioner was waiving his right to counsel. During that canvass, the petitioner indicated that he had again been deemed ineligible for a public defender because of his home ownership and that he continued to be unsuccessful in his effort to obtain private counsel. The trial court found that, under these circumstances, the petitioner had waived his right to counsel, but the court made no express finding that the petitioner had the means to hire an attorney or that he was dilatory in failing to do so. The petitioner represented himself at trial and did not appeal from the judgment of conviction. The petitioner subsequently filed the present habeas petition, claiming that the trial court's canvass was inadequate, that the trial court's finding of waiver was erroneous, and that the Division of Public Defender Services had improperly determined that he was ineligible for a public defender. In response, the respondent, the Commissioner of Correction, contended that the petitioner's claims were barred by procedural default because he had failed to seek statutory (§ 51-297 [g]) judicial review of the public defender eligibility determination or to appeal from the judgment of conviction. The habeas court rejected the respondent's claim of procedural default, concluding, inter alia, that the petitioner had demonstrated good cause for failing to raise his claims in the underlying criminal proceeding and that prejudice resulting from the deprivation of counsel was presumed. The habeas court reviewed the merits of the petitioner's claims and rendered judgment granting the petition, from which the respondent appealed. *Held* that the habeas court correctly concluded that, for purposes of determining whether a habeas claim is barred by procedural default, prejudice is presumed when a petitioner is completely denied the right to counsel: in light of the importance of providing habeas relief from the unfairness that results from the complete deprivation of counsel and the well settled principle that prejudice is presumed in cases involving the denial of a defendant's constitutional right to counsel, a petitioner need not establish prejudice to overcome a claim of procedural default when he has established a complete denial of the right to counsel; accordingly, because the respondent did not challenge the habeas court's finding of good cause, and because prejudice was presumed under the circumstances of this case, the petitioner's claims were not procedurally defaulted.

Argued September 17, 2018—officially released April 30, 2019

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Sferrazza, J.*; judgment granting the petition, from which the respondent, on the granting of certification, appealed. *Affirmed.*

*Michael J. Proto*, assistant state's attorney, with whom, on the brief, was *Anne F. Mahoney*, state's attorney, for the appellant (respondent).

*Stephen A. Lebedevitch*, assigned counsel, for the appellee (petitioner).

*Opinion*

MULLINS, J. This case returns to us for a second time. This time, the respondent, the Commissioner of Correction, appeals from the judgment of the habeas court granting the petition for a writ of habeas corpus filed by the petitioner, Gene Newland.[1] The principal issue in this appeal is whether the petitioner, who was denied counsel at his criminal trial and failed to raise a claim related to that deprivation either at trial or on direct appeal, is required to demonstrate actual prejudice to overcome the respondent's claim of procedural default. We conclude that, for purposes of procedural default, after the petitioner has established good cause for failing to raise his claim that he was completely deprived of his right to counsel, prejudice is presumed. Thus, we affirm the judgment of the habeas court.

The facts are fully set forth in this court's decision in *Newland* v. *Commissioner of Correction*, 322 Conn. 664, 667, 142 A.3d 1095 (2016). We provide the following facts and procedural history as a brief summary. In 2007, the petitioner was charged with one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and one count of risk of injury to a child in violation of General Statutes (Rev. to 2003) § 53-21 (a) (2) in connection with an incident that occurred in 2003. At his arraignment, a public defender appeared on the petitioner's behalf for bond purposes only.

At the next pretrial hearing, the petitioner appeared without counsel, and the assistant state's attorney informed the court that the petitioner had applied for a public defender but had been deemed ineligible. The trial court initially continued the case for six weeks to allow the petitioner to retain private counsel. At approximately twelve pretrial hearings over the next sixteen months, the petitioner continued to appear as a self-represented party. During one of these hearings, the petitioner informed the court that the Division of Public Defender Services (public defender's office) had deemed him ineligible for appointed counsel because of his ownership of the house in which his family lived. Nevertheless, he explained to the court that he was having difficulty finding private counsel because he could not afford one.

In late 2008, the petitioner informed the court that he had lost one of his jobs and that his home was in foreclosure. He also asked the court if someone could assist him in preparing his case. At that point, the court suggested that the petitioner could reapply for a public defender if his financial situation had worsened. The petitioner later reapplied, but the public defender's office again deemed him ineligible because he still owned a home. At the following hearing, the court notified the petitioner that it would not put the case on the

jury list until at least March, 2009, in order to allow the petitioner additional time to retain counsel.

In April, 2009, the petitioner appeared as a self-represented party to commence jury selection. The trial court conducted a colloquy to determine if the petitioner was waiving his right to counsel. The petitioner indicated that he had twice been rejected by the public defender's office and further explained that his efforts to obtain private counsel were unsuccessful because he could not afford the payment that counsel demanded. After this explanation, the court stated as follows: "So implicit in what you're telling me is you're waiving your right to have counsel represent you." The petitioner responded as follows: "At present, yes. Unfortunately, I have no other choice." Ultimately, the court found that, under these circumstances, the petitioner had waived his right to counsel. The trial court made no express finding as to whether the petitioner had the financial means to hire counsel or whether he was dilatory in failing to hire counsel. The court did not appoint standby counsel. The trial proceeded with the petitioner representing himself.

"Following a jury trial, the petitioner was found guilty of both the sexual assault and risk of injury counts. The trial court rendered judgment in accordance with the verdict and imposed a total effective sentence of ten years imprisonment followed by eight years of special parole, with conditions including registration as a sexual offender. The petitioner did not appeal from the judgment of conviction.

"Thereafter, the petitioner, as a self-represented party, filed a petition for a writ of habeas corpus, alleging that he had wrongfully been denied counsel. The petitioner was referred to the public defender's office, which determined that the petitioner was indigent. Counsel filed an amended two count petition, claiming that the trial court had (1) inadequately canvassed the petitioner prior to finding that he had waived his right to counsel, and (2) incorrectly concluded that the petitioner knowingly, intelligently, and voluntarily waived his right to counsel. The amended petition alleged, inter alia, that the claims were not procedurally defaulted because cause and prejudice are presumed when a petitioner's right to counsel has been violated.

"The respondent thereafter filed a return asserting an affirmative defense of procedural default as to both counts, citing the petitioner's failure to raise these claims before the trial court and his failure to appeal from the judgment of conviction." *Newland* v. *Commissioner of Correction*, supra, 322 Conn. 671–72.

"The habeas court thereafter granted the petition, concluding that the petitioner's . . . right to counsel [under the sixth amendment to the United States constitution] had been violated. In support of its decision,

the habeas court made the following findings. At the time of his trial, the petitioner was making between $300 and $350 per week. He had no available funds in any bank accounts. He owned a residential property that was subject to a mortgage in the amount of approximately $117,000 and that had a fair market value of $168,000 prior to his 2007 arrest. As of July, 2008, and during the petitioner's criminal trial, the petitioner's property was subject to a foreclosure action based on his default on the mortgage. The petitioner had easily met the income eligibility requirements set by the Public Defender Services Commission for a serious felony charge and, therefore, was presumed to be eligible for services. The public defender's office erred in denying the petitioner's application on the basis of his property ownership because the equity was limited and not readily accessible, and because the property was subject to an ongoing foreclosure action.

"With respect to the respondent's affirmative defense, the habeas court concluded that a claim of public defender error was not procedurally defaulted." Id., 674.

The respondent appealed to the Appellate Court, which affirmed the judgment of the habeas court. See *Newland* v. *Commissioner of Correction*, 151 Conn. App. 134, 94 A.3d 676 (2014). The respondent, on the granting of certification, then appealed to this court, claiming, inter alia, that the issue of public defender error was not properly before the habeas court because the petitioner's operative petition alleged only claims of trial court error. This court agreed, concluding that "the habeas court ignored the pleadings and the petitioner's arguments during the habeas proceedings and redefined the petitioner's claims as alleging public defender error, and the Appellate Court improperly upheld the habeas court's conclusions that the petitioner's alleged claim of public defender error was not procedurally defaulted and that the erroneous ineligibility determination had resulted in a denial of his constitutional right to the assistance of counsel." *Newland* v. *Commissioner of Correction*, supra, 322 Conn. 685–86.

Accordingly, this court concluded as follows: "[W]e must reverse the judgment of the Appellate Court and direct that court to remand the case to the habeas court for it to consider whether the petitioner's claims of trial court error, which he alleged in his original petition, are procedurally defaulted and, if they are not, to consider the claims on their merits. In addition, if counsel requests, the habeas court should consider allowing an amendment to the habeas petition to include a claim of public defender error, the issue the habeas court decided but the petitioner never alleged." Id., 686.

This brings us to the proceedings at issue in present appeal. On remand, the petitioner amended his petition to raise the following three claims: (1) "[t]he trial court

inadequately canvassed the petitioner concerning a waiver of his right to counsel"; (2) "[t]he trial court erroneously found a knowing and intelligent waiver of that right"; and (3) officials from the public defender's office "mistakenly recommended that the petitioner was ineligible for public defender representation." The respondent alleged procedural default as to all of those claims on the basis of the petitioner's failure to appeal from his conviction and his failure to challenge the recommendation of the public defender's office before the trial court.

Following a hearing, the habeas court rejected the respondent's special defense that the petitioner's claims were barred by procedural default. Specifically, the habeas court found that the petitioner had established good cause for the failure to raise his claims regarding the denial of his right to counsel. The habeas court also concluded that the prejudice resulting from that deprivation was presumed. As to the merits of the petitioner's claims, the habeas court determined that staff at the public defender's office had "misadvised the court and the petitioner that the petitioner's application ought to be denied." The habeas court rendered judgment granting the habeas petition, vacated the petitioner's conviction, and ordered a new trial. This appeal followed. See footnote 1 of this opinion.

In the present appeal, the respondent claims that the habeas court erred in failing to conclude that the petitioner's claims were not procedurally defaulted. The respondent concedes that there was good cause for the petitioner's failure to raise his claims but argues that the habeas court incorrectly determined that prejudice, for purposes of the cause and prejudice standard, can be presumed by the denial of counsel at trial. We disagree.

We begin with the applicable law and standard of review. "The habeas court is afforded broad discretion in making its factual findings, and those findings will not be disturbed unless they are clearly erroneous. . . . The application of the habeas court's factual findings to the pertinent legal standard, however, presents a mixed question of law and fact, which is subject to plenary review." (Citations omitted; internal quotation marks omitted.) *Gaines* v. *Commissioner of Correction*, 306 Conn. 664, 677, 51 A.3d 948 (2012).

In *Wainwright* v. *Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977), "the Supreme Court held that a petitioner who raises a constitutional claim for the first time in a habeas proceeding must show: (1) cause for the procedural default, i.e., for the failure to raise the claim previously; and (2) prejudice resulting from the alleged constitutional violation. In the absence of such a showing, a court will not reach the merits of the claim. We adopted this standard for state habeas proceedings in *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 409, 589 A.2d 1214 (1991)." *Duperry*

v. *Solnit*, 261 Conn. 309, 331–32, 803 A.2d 287 (2002). This court also has concluded "that the *Wainwright* cause and prejudice standard should be employed to determine the reviewability of habeas claims that were not properly pursued on direct appeal." *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 132, 629 A.2d 413 (1993).

In the present case, the respondent asserts that the petitioner's claims were barred by procedural default because the petitioner had the opportunity but failed to raise his claims on direct appeal and to challenge the determination of the public defender's office that he was ineligible for appointed counsel before the trial court pursuant to General Statutes § 51-297 (g)[2] and Practice Book § 37-6 (a).[3] We find this argument unavailing.

The habeas court found that the petitioner met his burden of demonstrating good cause for his failure to appeal the determination by the public defender's office that he was ineligible for appointed counsel. Specifically, the habeas court found that the petitioner had informed the trial court that he was denied public defender services because he owned a home. Thereafter, the petitioner informed the trial court that he had lost one of his jobs and his financial situation had worsened.[4] The petitioner then asked the trial court to assist him in preparing his defense. Despite the existence of § 51-297 (g), which authorizes defendants who have been deemed to be ineligible for appointed counsel by the public defender's office to appeal the decision to the court before which the individual's case is pending, the trial court responded as follows: "Well, I—I can't appoint—I can't tell somebody to do that for you. You either qualify for the public defender services or you don't, and that's a determination made by them independent of the court."

The habeas court found that the trial judge's response to the petitioner's request for assistance in securing counsel after the public defender's office had determined that he was not eligible for their services "to be critical as to the existence of good cause to excuse procedural default." The habeas court reasoned that "[t]he petitioner reasonably understood these comments to mean that the public defender's office had the *sole* authority, or at least the *final* word, on indigency determinations and whether counsel would be appointed. This matter was the petitioner's first criminal case. One cannot reasonably expect a [self-represented] defendant with no criminal court experience to suspect that the judge's statement . . . meant anything except that the public defender's decision was conclusive." (Emphasis in original.) Therefore, the habeas court concluded that "the petitioner has met his burden of proving, by a preponderance of the evidence, [that] he had good cause for failing to appeal under

[General Statutes] § 51-297 (g) [and] Practice Book § 37-6 (a), based on presumed unavailability and futility."

We agree with the habeas court's reasoning and its conclusion as to the existence of good cause in the present case. As we noted, the respondent does not quarrel with the habeas court's ruling on good cause in the present appeal. Instead, the respondent asserts that the habeas court improperly concluded that prejudice is presumed from the denial of the petitioner's right to counsel at trial.

With respect to prejudice, the habeas court ruled that, under the second prong of *Wainwright*, "actual prejudice is presumed when the petitioner's right to counsel is violated." (Internal quotation marks omitted.) In doing so, the habeas court relied on *Dennis* v. *Commissioner of Correction*, 134 Conn. App. 520, 536–37, 39 A.3d 799 (2012), for the proposition that "[a]ny conviction obtained after wrongful denial of legal assistance 'mandates reversal even if no particular prejudice is shown and even if there is overwhelming evidence of guilt.' " See *Dennis* v. *Commissioner of Correction*, supra, 536–37 (concluding that prejudice is presumed under procedural default when defendant denied right to counsel at trial).

The respondent asserts that the habeas court improperly failed to make the threshold determination of cause and prejudice required under *Wainwright* and instead erroneously proceeded to the substantive inquiry— namely, the petitioner's claim that he was improperly denied the right to counsel. The respondent asserts that, under *Wainwright*, prejudice is not presumed and, therefore, that the habeas court should have required the petitioner to demonstrate actual prejudice. The respondent finally asserts that the relevant case law only allows prejudice to be presumed from a denial of right to counsel in the substantive inquiry. We disagree.

It is well settled that when a defendant is denied the right to counsel, prejudice is established. In fact, "[w]hen a defendant has been denied counsel at trial, we have refused to consider claims that this constitutional error might have been harmless. 'The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.' *Glasser* v. *United States*, [315 U.S. 60, 76, 62 S. Ct. 457, 86 L. Ed. 680 (1942)]. That, indeed, was the whole point of *Gideon* v. *Wainwright*, [372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963)] overruling *Betts* v. *Brady*, [316 U.S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595 (1942)]. Even before trial, when counsel has not been provided at a critical stage, 'we do not stop to determine whether prejudice resulted.' *Hamilton* v. *Alabama*, [368 U.S. 52, 55, 82 S. Ct. 157, 7 L. Ed. 2d 114 (1961)]; [see] *White* v. *Maryland*, [373 U.S. 59, 60, 83 S. Ct. 1050, 10 L. Ed. 2d 193 (1963)]." *Chapman* v. *California*, 386 U.S. 18, 43, 87 S. Ct. 824,

17 L. Ed. 2d 705 (1967) (Stewart, J., concurring); see also *United States* v. *Decoster*, 624 F.2d 196, 201 (D.C. Cir. 1976), cert. denied, 444 U.S. 944, 100 S. Ct. 302, 62 L. Ed. 2d 311 (1979).

Indeed, this court has recognized that "it is well settled that if the decision by a trial court deprived a defendant of his constitutional right to counsel of choice, prejudice will be presumed." *State* v. *Peeler*, 265 Conn. 460, 475, 828 A.2d 1216 (2003), cert. denied, 541 U.S. 1029, 124 S. Ct. 2094, 158 L. Ed. 2d 710 (2004). Furthermore, this court has explained that "a per se rule of automatic reversal more properly vindicates the denial of the defendant's fundamental constitutional right to assistance of counsel guaranteed by the sixth amendment." *State* v. *Mebane*, 204 Conn. 585, 595, 529 A.2d 680 (1987), cert. denied, 484 U.S. 1046, 108 S. Ct. 784, 98 L. Ed. 2d 870 (1988); see also *State* v. *Frye*, 224 Conn. 253, 262, 617 A.2d 1382 (1992) ("[t]he right to counsel is so basic that its violation mandates reversal even if no particular prejudice is shown and even if there is overwhelming evidence of guilt" [internal quotation marks omitted]).

Notwithstanding the foregoing law, the respondent asserts that the cases explaining the confines of the procedural default rule require that a petitioner demonstrate both cause and prejudice. Specifically, the respondent cites to *Engle* v. *Isaac*, 456 U.S. 107, 129, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982), for its conclusion that "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." In explaining the rationale for requiring petitioners to establish both cause and prejudice, the United States Supreme Court explained that "writs of habeas corpus frequently cost society the right to punish admitted offenders. Passage of time, erosion of memory, and dispersion of witnesses may render retrial difficult, even impossible. While a habeas writ may, in theory, entitle the defendant only to retrial, in practice it may reward the accused with complete freedom from prosecution." Id., 127–28. The United States Supreme Court further explained that "these costs are particularly high when a trial default has barred a prisoner from obtaining adjudication of his constitutional claim in the state courts. In that situation, the trial court has had no opportunity to correct the defect and avoid problematic retrials. . . . The state appellate courts have not had a chance to mend their own fences and avoid federal intrusion. Issuance of a habeas writ, finally, exacts an extra charge by undercutting the [s]tate's ability to enforce its procedural rules. These considerations supported our . . . ruling [in *Wainwright*] that, when a procedural default bars state litigation of a constitutional claim, a state prisoner may not obtain federal habeas relief absent a showing of cause and actual prejudice." (Footnote omitted.) Id., 128–29.

We agree with the respondent that the cause and prejudice standard is designed to limit the ability of petitioners to bring claims in a habeas action that they could have addressed in the trial court or on direct appeal because of the societal costs of habeas relief. Nevertheless, our review of the case law surrounding the adoption of the cause and prejudice standard reveals that the United States Supreme Court did not intend to limit the relief afforded to a petitioner who was completely denied his right to counsel. Indeed, the Supreme Court has explained that prejudice is presumed when counsel is completely denied. *Strickland* v. *Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ("[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice"); *United States* v. *Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (prejudice is presumed when counsel is completely denied); see also *Shayesteh* v. *South Salt Lake*, 217 F.3d 1281, 1284 (10th Cir. 2000) ("where there has been a complete denial of the constitutional right to counsel . . . prejudice is presumed"), cert. denied, 531 U.S. 1171, 121 S. Ct. 1139, 148 L. Ed. 2d 1003 (2001).

In adopting the cause and prejudice standard in *Wainwright*, the United States Supreme Court explained that the cause and prejudice standard was to be applied in a manner that would not operate to prevent habeas relief for the claim "of a defendant who in the absence of such an adjudication will be the victim of a miscarriage of justice." *Wainwright* v. *Sykes*, supra, 433 U.S. 91. Furthermore, although this court and the United States Supreme Court have continued to follow the cause and prejudice standard and have, as the respondent asserts, continually reaffirmed that each of those components must be established "in the conjunctive," courts have crafted that standard in a manner that does not interfere with "the exercise of the habeas court's equitable discretion with respect to procedurally defaulted claims . . . ." (Internal quotation marks omitted.) *Murray* v. *Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Courts have explained that the cause and prejudice standard "will not prevent federal habeas courts from ensuring the 'fundamental fairness [that] is the central concern of the writ of habeas corpus.' " Id.

Stated succinctly, habeas relief is designed to address situations in which a miscarriage of justice would exist without such relief, and the cause and prejudice standard is not meant to thwart that interest. Rather, the cause and prejudice standard is meant to balance the need for habeas relief with the societal costs of habeas relief. It is axiomatic that "the right to counsel is the foundation for our adversary system" and that its denial can never be harmless. *Martinez* v. *Ryan*, 566 U.S. 1, 12, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012); see also

*Scott* v. *Illinois*, 440 U.S. 367, 99 S. Ct. 115, 859 L. Ed. 2d 383 (1979) ("representation by counsel in a criminal proceeding is fundamental and essential to a fair trial" [internal quotation marks omitted]). Therefore, the protections afforded by the procedural default rule must be construed in light of the fundamental role of the right to counsel in ensuring a fair trial and the importance of providing habeas relief from the unfairness that results from the complete deprivation of counsel.[5] In light of these principles, we cannot conclude that a petitioner must establish prejudice to overcome a claim of procedural default when there has been a complete denial of counsel. As Justice McDonald recognized in his dissent in *Newland* v. *Commissioner of Correction*, supra, 322 Conn. 701–702, in arriving at this conclusion, we are joined by several other courts that have addressed this question. See *Robinson* v. *Ignacio*, 360 F.3d 1044, 1054–55 (9th Cir. 2004); *Shayesteh* v. *South Salt Lake*, supra, 217 F.3d 1284; *Guzman* v. *United States*, Docket No. C.A. 98-12086 (MLW), 2004 WL 3710110, *8–9 (D. Mass. June 4, 2004); *Coleman* v. *Ignacio*, 164 F.R.D. 679, 684 (D. Nev. 1996).

If we were to adopt the respondent's application of the cause and prejudice standard and require the petitioner to establish actual prejudice from the denial of the right to counsel in order to avoid procedural default, we would ignore well established case law recognizing that "[t]he right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." *Glasser* v. *United States*, supra, 315 U.S. 76.

Accordingly, we conclude that the habeas court properly determined that, for purposes of determining whether a habeas claim is barred by procedural default, prejudice is presumed when the petitioner is completely denied his right to counsel.

The judgment is affirmed.

In this opinion the other justices concurred.

[1] We note that the habeas court granted the respondent's petition for certification to appeal. The respondent thereafter appealed to the Appellate Court, and we then transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

[2] General Statutes § 51-297 (g) provides: "If the Chief Public Defender or anyone serving under the Chief Public Defender determines that an individual is not eligible to receive the services of a public defender under this chapter, the individual may appeal the decision to the court before which the individual's case is pending."

[3] Practice Book § 37-6 (a) provides in relevant part: "If the public defender or his or her office determines that a defendant is not eligible to receive the services of a public defender, the defendant may appeal the public defender's decision to the judicial authority in accordance with General Statutes § 51-297 (g). . . ."

[4] Although the trial court did suggest that the petitioner reapply for public defender services, his second application was again denied because he owned a home.

[5] We note that our decision today is based on the petitioner's claim that he suffered a complete denial of counsel at his criminal trial. The issue of what a petitioner alleging ineffective assistance of counsel must demonstrate

to satisfy the prejudice prong of the procedural default test is not before us. Therefore we express no opinion on that issue.

———————————————